**Opinion issued March 15, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00817-CV

———————————

**KELLY COLLINS, Appellant**

**V.**

**CORINNA COLLINS, Appellee**

---

**On Appeal from the Probate Court No. 1**
**Harris County, Texas**
**Trial Court Case No. 456765-401**

---

## MEMORANDUM OPINION

Corinna Collins, the former wife of Bryant Collins, sued Kelly Collins, who was Bryant's surviving spouse and the administrator of his estate. Corinna alleged causes of action for fraud, conversion, and partition based on Bryant's alleged misrepresentation or nondisclosure of assets during their divorce. Kelly filed a

motion to dismiss under the Texas Citizens Participation Act based on exercise of the right to petition, because Corinna's claims were based on communications made during a judicial proceeding. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(1), (4)(A)(i). Corinna argued in response that the TCPA did not apply because the dispute did not involve a matter of public concern. The probate court denied the motion, and Kelly filed this interlocutory appeal.

Kelly challenges the probate court's ruling in six issues. The first three issues contend that the court erred by denying the motion to dismiss to the extent it determined the TCPA does not apply to this case. The remaining issues argue that Corinna failed to establish a prima facie case by clear-and-specific evidence, that Kelly proved a defense to the cause of action by a preponderance of the evidence, and that the court erred by denying a request for damages and costs, as provided by the statute.

We conclude that the TCPA applies. Because Corinna made no effort to demonstrate a prima facie case, we reverse the order of the probate court, render judgment dismissing the case against Kelly, and remand to the probate court for a determination of statutory damages and costs. *See id.* § 27.009.

## Background

Appellee Corinna Collins was married to Bryant Collins from 1993 until they divorced in 2007. In October 2006, Bryant entered into a contract to work as a

2

sales consultant for Carol Crane Rigging & Lifting Technology, Inc. The contract specified a contingent compensation structure, which provided that Bryant would be paid a percentage of revenue and a portion of the sales commission if the business was sold.

In response to a discovery request during the divorce, Bryant produced an affidavit in which he averred that he was employed full time by ePlus, Inc. and that he had done some consulting work for Carol Crane in 2006, for which he had been paid. In regard to his relationship to Carol Crane, Bryant stated: "At no time did I have any ownership in the company. I also have not since agreed to any future deferred compensation agreements and am not owed any compensation for any work performed in the past or since that time. I receive no income or benefits from any entity other than ePlus, Inc." A letter from David Martinez, Jr., the owner of Carol Crane, supported Bryant's affidavit. Martinez confirmed that Bryant had no ownership in Carol Crane, that he had been paid in full, and that no additional compensation was contemplated or owed.

In late 2007, the divorce court entered judgment on a mediated settlement agreement. Bryant agreed that Corinna should have over 90% of the community property, and he agreed to pay her spousal support in excess of what could be required by law. Both Bryant and Corinna testified that they believed this was a fair and equitable division of the marital estate. Bryant later married Kelly.

In 2008, Bryant became a salaried executive and 30% shareholder of Carol Crane. In 2013, Bryant and Martinez litigated a business dispute related to their obligations and ownership interests in Carol Crane. In connection with that case, Bryant testified that an agreement between them in 2008 had superseded the 2006 agreement.

Bryant died in 2017, and Corinna filed a claim in the probate court. She alleged that Bryant had a contingent ownership interest in Carol Crane in 2007, though his affidavit averred that he had been paid in full and had no expectation of future compensation. Corinna alleged common-law fraud and fraud by nondisclosure, both based on Bryant's affidavit and actions taken in their 2007 divorce. She also alleged conversion, and she sought a partition of the property interest based on the same factual allegations.

Kelly filed a motion to dismiss Corinna's claims arguing that they were based on, related to, and in response to Bryant's exercise of the right to petition, and therefore she was entitled to have the claims dismissed pursuant to the Texas Citizens Participation Act. In response, Corinna argued that the TCPA did not apply because the divorce involved a private matter, not a matter of public concern. The probate court denied Kelly's motion to dismiss, and she filed this interlocutory appeal.

**Analysis**

On appeal, Kelly argues that the probate court erred by denying her motion to dismiss. She argues that the TCPA applies to a claim based on the "right to petition," even if it is unrelated to a matter of public concern. She also argues that all of Corinna's claims were based on, related to, and in response to communications made in a judicial proceeding and Bryant's exercise of his right to petition as defined by the TCPA. Kelly further argues that the court should have granted the motion to dismiss because Corinna failed to establish a prima facie case for her claims by clear-and-specific evidence and because she proved all the elements of an affirmative defense by a preponderance of the evidence. As such, she contends that the probate court should have awarded her damages and costs as provided by statute.

## I. Applicability of the TCPA

Kelly's first three issues concern the applicability of the TCPA to the facts of the underlying case. We review these issues de novo to the extent they involve interpretation of a statute. *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). "In interpreting statutes, our primary purpose is to give effect to the legislature's intent by relying on the plain meaning of the text adopted by the legislature, unless a different meaning is supplied by statutory definition or is

apparent from the context, or the plain meaning leads to absurd results." *Id.* (citing *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010)).

The expressly enacted legislative purpose of the TCPA is to "encourage and safeguard the constitutional rights" of people to "petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law" while simultaneously protecting an individual's right "to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. To achieve this goal, the TCPA provides for the early dismissal of certain categories of meritless cases. *See id.* § 27.003.

The dismissal procedure in the TCPA is a two-step process. In the first step, a party files a motion to dismiss asserting that the "legal action" against her is based on, relates to, or in response to her "exercise of the right of free speech, right to petition, or right of association." *Id.* § 27.003(a); *see In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015). Considered in the abstract, the rights to free speech, petition, and association have a constitutional dimension. But in the specific context of the TCPA, the Legislature defined the types of communications that trigger the procedure. The movant must establish by a preponderance of the evidence that "the legal action is based on, relates to, or is in response to" her exercise of the aforementioned rights, as they are statutorily defined. *See* TEX. CIV. PRAC. & REM.

6

CODE § 27.005(b); *see also id*. § 27.001(2) (limiting the "exercise of the right of association" for purposes of the TCPA to communications "between individuals who join together to collectively express, promote, pursue, or defend common interests"); *id*. § 27.001(3) (limiting the "exercise of the right of free speech" for purposes of the TCPA to communications "made in connection with a matter of public concern"); *id*. § 27.001(4) (limiting the "exercise of the right to petition" for purposes of the TCPA to thirteen particular categories of communications).

The second step of the TCPA dismissal procedure concerns whether the "legal action" has sufficient indicia of merit to proceed. *See id.* § 27.005(c), (d). After the movant has met her burden in the first step, the court is required to dismiss the legal action unless the nonmovant establishes "by clear and specific evidence a prima facie case for each essential element of the claim in question." *See id.* § 27.005(c). Clear-and-specific evidence means "enough detail to show the factual basis" for the claim, and it requires more than "mere notice pleading." *Lipsky*, 460 S.W.3d at 590–91. A prima facie case means "evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted" or "the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id.* at 590.

Kelly's motion to dismiss argued that because Corinna's suit was "based on an affidavit provided by Bryant in their 2007 divorce suit," it was a legal action

7

based on communications made in a judicial proceeding. In response, Corinna argued that the TCPA did not apply because the communications were not related to a matter of public concern.

The TCPA specifies the scope of communications included within the definitions of the "exercise of the right to free speech" and the "exercise of the right to petition." *See id.* § 27.001(3), (4). Whatever might be connoted by a reference to "free speech" in other contexts, for purposes of the TCPA the "exercise of the right of free speech" is defined as "a communication made in connection with a matter of public concern." *Id.* § 27.001(3). Similarly, the "Exercise of the right to petition" is defined to include, among other things, "a communication in or pertaining to . . . a judicial proceeding . . . ." *Id.* § 27.001(4)(a)(i). Critically, the words "matter of public concern" are not included as any part of the statutory definition of the "exercise of the right to petition" for purposes of the TCPA. *See id.* § 27.001(4). "'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1).

Corinna's claims are based in part on a written affidavit Bryant served in response to a discovery request during their divorce in 2007. She also bases her common-law fraud claim on Bryant's allegedly incomplete written inventory. Although the TCPA does not define "judicial proceeding," neither party disputes

that the divorce was a judicial proceeding, or that the discovery responses and inventory were "communications" made in the divorce proceeding.

Relying on legislative history and a prior case from this court, Corinna argues that the TCPA does not apply to her claims because they do not relate to a matter of public concern. "Unambiguous statutory language is interpreted according to its plain language unless such an interpretation would lead to absurd results." *Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (Tex. 2009). We do not employ the rules of statutory construction or extrinsic aids such as legislative history when the statute's language is clear and unambiguous. *Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011). There has been no argument or demonstration that the statutory definition of "exercise of the right to petition" is ambiguous.

Corinna contends that *I-10 Colony, Inc. v. Lee*, No. 01-14-00465-CV, 2015 WL 1869467 (Tex. App.—Houston [1st Dist.] Apr. 23, 2015, no pet.) (mem. op.), supports her argument that the TCPA does not apply to her case because it does not involve a matter of public concern. In *I-10 Colony*, the defendant moved to dismiss the plaintiff's fraud claim under the TCPA, arguing that the claim was "based on its exercise of the right to free speech." 2015 WL 1869467, at *2. The statutory definition of the exercise of the right of free speech includes "a communication made in connection with a matter of public concern." *See* TEX. CIV. PRAC. & REM. CODE § 27.001(3). Relying on the plain language of the statute, this court

9

concluded that the statements alleged as the basis of the fraud claim were not made in connection with a matter of public concern. *I-10 Colony*, 2015 WL 1869467, at *4–5. As such, the court held that the trial court did not err by denying the motion to dismiss.

Corinna contends that Kelly's argument "that a communication made in or pertaining to a judicial proceeding need not involve a matter of public concern . . . flies in the face of this Court's holding" in *I-10 Colony*. We disagree. This case is distinguishable because it involves the right to petition, while *I-10 Colony* involved the right of free speech. Under the plain language of the TCPA, a legal action that is based on, related to, or in response to a party's exercise of the right to petition need not involve a matter of public concern because the definition of "right to petition" does not mention "public concern." *See* TEX. CIV. PRAC. & REM. CODE § 27.001(4).

Finally, Corinna contends that application of the TCPA to her claim without requiring the movant to show a connection to a matter of public concern would lead to absurd results. She argues: "Incredibly, appellant contends that any claim based on another's 'exercise of the right to petition' is subject to dismissal under the TCPA." She contends that Kelly's interpretation of the statute would disallow partition suits and breach-of-contract suits arising from prior settlements. Corinna's absurdity argument wrongly assumes that suits subject to the TCPA are

automatically dismissed. Establishing that the statute applies is, however, just the first step of the procedure. The TCPA allows the nonmovant to proceed with her legal action by demonstrating a prima facie case by clear-and-specific evidence. *See id.* § 27.005(c). Considering the TCPA as a whole and applying its plain text, we do not agree that interpreting "exercise of the right to petition" according to the statutory language will lead to an absurd result.

Considering the undisputed facts and the statutory definitions, we conclude that for the purpose of the TCPA, Bryant was exercising his right to petition when he served the affidavit and inventory in the divorce. *See id.* § 27.001(1), (4)(a)(i). Thus, to invoke the TCPA dismissal procedure, all that Kelly was required to show was that Corinna's claims were based on, related to, or in response to Bryant's exercise of the right to petition. *See id.* § 27.003.

In her petition, Corinna alleged that Bryant committed common-law fraud by misrepresenting his assets and failing to "disclose the existence of the contract with Carol Crane on his inventory or in responses to discovery." Corinna's causes of action for partition, conversion, and fraud by nondisclosure rely on the same factual allegations to support her claim for a share of Bryant's interest in Carol Crane.

Corinna's claims are based on the inventory and discovery responses served by Bryant during the parties' divorce. Her legal action was shown to be based on,

11

related to, or in response to Bryant's exercise of the right to petition as defined by the statute. The claims were brought against Kelly in a representative capacity, as the administrator of Bryant's estate. We conclude that the TCPA applies, and we sustain Kelly's first three issues.

## II.     Failure to establish a prima facie case

In her fourth issue, Kelly argues that Corinna failed to establish by clear-and-specific evidence a prima facie case for each essential element of her claims. When applying the TCPA, a court "may not dismiss a legal action" if the party bringing the legal action "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). In the probate court, Corinna presented no evidence to establish a prima facie case for her claims.

Kelly demonstrated that Corinna's claims are based on or related to Bryant's exercise of the right to petition. But Corinna's response to the motion to dismiss expressly responded only to the first step of the inquiry—whether Kelly had established the applicability of the TCPA. In the probate court, Corinna relied entirely on her atextual interpretation of the statutory definition of "right to petition." In addition, she asserted that the dismissal procedure involved a two-step "process," and she asked for additional time to file a further response if the court determined that Kelly had met her burden of proof on the first step.

On appeal, Corinna makes a different argument, asserting that the pleadings and Kelly's evidence prove the essential elements of her claims. She also suggests that this court, as part of its review, should search the record for the purpose of locating and identifying the evidence that supports a prima facie case of her claims, without identifying such evidence in her brief by citations to the record. The TCPA puts the burden on "the party bringing the legal action" to "establish by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005. This burden never shifts to the movant to refute her own motion or to the court to search the record for responsive evidence. *See id.* §§ 27.001–.011.

In the probate court, Corinna presented neither argument nor evidence to establish a prima facie case. Only her pleadings appear in the record. Mere notice pleading is insufficient to support a prima facie case. *See Lipsky*, 460 S.W.3d at 590–91. Corinna was required to establish the factual basis for her claims by clear and specific evidence. Because she did not do so, we conclude that she did not establish a prima facie case for any of her causes of action. We sustain Kelly's fourth issue.

## Conclusion

Corinna's case was based on, related to, or in response to Bryant's exercise of the right to petition. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b). Corinna

13

failed to establish by clear and specific evidence a prima facie case for each essential element of her claims. *See id.* § 27.005(c). We therefore conclude that the probate court erred by denying the TCPA motion to dismiss. We need not address Kelly's remaining argument, that she established by a preponderance of the evidence each element of a valid defense to the nonmovant's claim. *See* TEX. R. APP. P. 47.1; *see also* TEX. CIV. PRAC. & REM. CODE § 27.005(d). Because a successful movant is entitled to an award of "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require," we sustain Kelly's sixth issue which seeks remand for a determination of costs, fees, and expenses. *See* TEX. CIV. PRAC. & REM. CODE § 27.009(a)(1).

We reverse the trial court's denial of the motion to dismiss and remand the case to the trial court to award costs, fees, and expenses as required by the TCPA and to order dismissal of the suit with prejudice. *See id.* § 27.009(a).

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

14